## M. A. Rogers & Company v. Miles A. Leach.

1. WEIGHTS AND MEASURES—*"official," as used with respect to, construed.* A contract providing for " official weights and grades" does not mean that an officer appointed under a statute or ordinance shall do the required weighing and certifying where there is no such officer.

Action of assumpsit. Appeal from the Circuit Court of Logan County; the Hon. THOMAS A. HARRIS, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed March 20, 1906.

WALLACE & BECKUS, for appellants.

BLINN & COVEY, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

May 21, 1903, appellee, a grain dealer, at Cornland, Illinois, sold to appellants, grain buyers at New Orleans, Louisiana, 10,000 bushels of No. 3 yellow corn at forty-two cents, and on July 2, 1903, appellee sold to appellants 5,500 bushels of No. 3 yellow corn at forty-eight and one-half cents. The corn was sold on New Orleans terms, viz.: f. o. b. Cornland, New Orleans official weights and grades, appellee to bill the corn "notify M. A. Rogers & Co., New Orleans, La., and make draft with B. of L. attached, leaving sufficient margin to cover contingencies."

This is a suit by appellants against appellee to recover $193.35 claimed by appellants to have been overpaid to appellee on drafts attached to bills of lading for the corn so sold. There was a verdict and judgment in the Circuit Court in favor of appellee.

The controversy in the case grows out of the difference in weight of the corn as weighed by appellee at Cornland and as weighed by certain individuals assuming to act as public weighers in New Orleans.

It is insisted on behalf of appellee that the language of the contract, viz.: "New Orleans official weights and grades", required appellants to have the corn weighed and graded in New Orleans "by some official authority of the State of Louisiana, the city of New Orleans, or some authority authorized to appoint officials", and that appellee is not bound to accept weights and grades determined by persons not so officially authorized. The court adopted the construction of the contract contended for by appellee and so instructed the jury.

At the time of the shipment of the corn under the contract there was no person in New Orleans who was appointed by authority of the State of Louisiana or of the city of New Orleans to act as official weigher, nor was there any statute of the State of Louisiana or ordinance of the city of New Orleans providing for the appointment of such official weigher.

It is disclosed by the evidence that for many years shipments of grain to New Orleans had been weighed by persons in the employ of individuals and private corporations conducting the business of warehousemen; that certificates by such persons of the weights of grain had been accepted by grain dealers in the due course of business as true and correct; that freight charges and settlements between consignors and consignees were uniformly based upon such certificates of weights.

The word "official," used in the contract to designate weights and grades of the corn shipped, is not to be interpreted in the limited sense of pertaining to the act of a

public officer, one appointed and commissioned by the state or city government, but in this-case must be held to mean such weights and grades as are determined by persons who act publicly and disinterestedly and ·whose certificates of weights and grades are uniformly accepted and acted upon in the regular course of business as true and correct.

The weight of the corn shipped by appellee was determined and certified to by persons whose acts in that regard were official within the meaning of the contract, and in accordance with the uniform custom and trade usage in New Orleans, and in the absence of proof of fraud, appellee is bound thereby.

It follows that the court erred in admitting evidence of the weight of the corn at Cornland, and in instructing the jury as to the meaning of the word " official" as used in the contract.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*