## M. A. Rogers & Co. v. Miles A. Leach.

VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review on the ground that it is against the weight of the evidence unless clearly and manifestly so.

Assumpsit. Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

S. L. WALLACE, for appellants.

BLINN & COVEY, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This cause was before this court on appeal at the November term, 1905, at which time a former judgment was reversed and the cause remanded. 127 Ill. App. 199. After remandment, it was again tried and a verdict returned in favor of the defendant for $40.21. Judgment was rendered thereon, from which the plaintiff again appeals. In our former opinion we held that the weight of the corn shipped by appellee to appellant was, under the contract, to be determined and certified to by persons whose acts in that regard were official within the uniform custom and trade usages then prevailing in the city of New Orleans, and that in the absence of proof of fraud, appellee would be bound thereby. We adhere to the views there expressed and now hold further that if upon the present trial it had been shown that all of the corn shipped by appellee had been in fact weighed by the persons whom the evidence shows assumed that duty, the weights certified by such persons would have constituted "New Orleans official weights" within the meaning and intendment of the contract. The present record, however, fails to show that such was the fact.

Rogers & Co. v. Leach.

While it does appear that a portion, at least, of the corn in question was weighed and certified by the proper parties, there is no evidence showing that all the corn was actually weighed. The deposition of one McManness, taken at the instance of appellant, developed the fact that upon the arrival of the cars at New Orleans, the corn was taken therefrom in sacks by the men who unloaded the cars and then by them hauled to the scales some distance away, where the filled sacks were weighed by the witness and other weigh-masters, who then certified to the total weight of the corn received by them in sacks, but that such weigh-masters paid no attention to the unloading of the cars and were unable to state that all of the grain in the several cars was sacked, or whether, if sacked, all of the sacks were hauled to the scales and weighed. In the absence of such proof we are constrained to hold that appellee was not bound by the weights certified, which obviously included such corn only as was delivered to the weigh-masters.

The trial court therefore properly admitted evidence as to the weight of the corn at the place of its shipment, and its actual weight at New Orleans became a question for the determination of the jury from all of the facts and circumstances in evidence.

The evidence adduced by appellee upon that issue tends to show that the cars in which the grain was shipped were in good condition when loaded at Cornland. It does not appear that upon the arrival of the same at New Orleans they were in other than good order. There is evidence tending to substantiate appellee's claim as to the number of bushels of corn loaded in each of the cars in controversy, at Cornland. Acting upon this evidence, the jury were not unwarranted in returning the present verdict, and we will not disturb the judgment rendered thereon.

*Affirmed.*